UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL T. BERRY,<br><br>Plaintiffs,<br>v.<br>RENO POLICE DEPARTMENT, *et al.*,<br>Defendants. | Case No. 3:18-cv-00558-MMD-WGC<br><br>ORDER |

**I. SUMMARY**

This is a civil rights case brought under 42 U.S.C. § 1983. Defendants Steven Mayfield and Benjamin Lancaster (collectively, "Officers") move to dismiss Plaintiff Michael T. Berry's Amended Complaint ("AC") (ECF No. 54) ("Motion").[1] (ECF Nos. 56, 59 (supplement).) Defendants City of Reno ("City") and Jason Soto submitted a joinder to the Motion.[2] (ECF No. 74.) Plaintiff responded to the Motion—as supplemented (ECF Nos. 66, 71)[3] and separately filed an opposition to the joinder (ECF No. 80).[4] Defendants thereafter replied in support of the Motion (ECF No. 70) and Plaintiff responded to the reply (ECF No. 79). Plaintiff has also moved to strike certain information from the Motion (ECF No. 75) and Defendants responded (ECF No. 78). For the reasons below, the Court will grant the Motion in part and deny it in part.

///

---

[1] In referring to the Motion, the Court means both the original (ECF No. 56) and the supplement (ECF No. 59). The Court acknowledges that the supplemental brief was triggered by the Court permitting the AC after Mayfield and Lancaster had filed the original motion. (*See* ECF No. 58.)

[2] All defendants are collectively referred to as "Defendants."

[3] Plaintiff filed a motion to extend time to file his original response (*see* ECF Nos. 65, 66), which the Court will grant *nunc pro tunc*.

[4] The joinder is not reflected on the docket as a motion (ECF No. 74). In any event, the Court permits the joinder, without further discussion.

## II. RELEVANT BACKGROUND

### A. Original Complaint and Screening

In the original complaint, Plaintiff named three defendants: the Reno Police Department ("RPD") and the Officers—Mayfield and Lancaster. (ECF No. 14.) Plaintiff asserted three claims—Counts 1, 2, and 3—but the first two were essentially repetitious and no particular facts were asserted against RPD. (*See generally id.*) In gist, Plaintiff asserted an Eighth Amendment claim for excessive force—which the Court deemed a Fourth Amendment claim—related to alleged incidents that occurred during an arrest. (*Id.* at 4–6; ECF No. 13 at 6.) Plaintiff additionally asserted a state law negligence claim based on allegations that the Officers neglected his wellbeing when they violently assaulted him for no reason, and for not having his body camera turned on. (ECF No. 14 at 7; ECF No. 13 at 6.)

Magistrate Judge William G. Cobb screened Plaintiff's original complaint under 28 U.S.C. § 1915A(b)(1), (2). (ECF No. 13.) Upon screening, Plaintiff was allowed to proceed with the excessive force claim against Mayfield and Lancaster. (*Id.* at 6, 8–9.) However, Judge Cobb dismissed RPD for failure to state a claim against it and dismissed the state law negligence claims with leave to amend. (*Id.* at 9.) Judge Cobb indicated that the City may be an appropriate substitute for RPD should Plaintiff file an amended complaint and accordingly permitted amendment to state a claim for a constitutional violation against the City. (*Id.* at 6–7.) In dismissing the state law claim, Judge Cobb noted that Plaintiff asserted intentional—not negligent conduct—and otherwise failed to assert the existence of a duty to have body cameras turned on. (*Id.* at 7–8.) Judge Cobb additionally noted that in order to assert a negligence claim under Nevada law, NRS § 41.0337, Plaintiff may not proceed against the Officers "unless the appropriate political subdivision (i.e., the City of Reno) is also named as a defendant." (*Id.* at 8.)

///
///
///

### B. Assertions in the AC

Plaintiff later filed the AC, listing the City, the Officers and a new defendant—Chief of Police Jason Soto—as Defendants. (ECF No. 54.)

#### 1. Excessive Force Claim

Plaintiff substantively reasserts his Fourth Amendment claim for excessive force—although he also appears to join in a claim for deliberate infliction of emotional distress ("Claim 1"). (*Id.* at 4–5.) The facts relevant to the excessive force claim are adopted from the AC and are materially the same as discussed in Judge Cobb's screening order—which the Court repeats for completeness here.[5] Those facts are as follows.

Plaintiff alleges that he was assaulted and physically injured by the Officers on September 5, 2018. He avers that Mayfield twisted his left arm behind his back for no reason, nearly breaking his wrist. Then, Lancaster came forward and both officers pulled Plaintiff to the ground while Mayfield still had his left arm, and Lancaster had his right arm behind his back. While face down with both Officers on his back, Lancaster punched Plaintiff in the right side of his face. Lancaster screamed at Plaintiff to give his other hand, even though Mayfield had him pinned. Plaintiff asserts that the Officers were feigning that Plaintiff was not cooperating in order to maliciously and sadistically hurt him. Plaintiff began to cry out for help and was scared for his life. The Officers beat him and then handcuffed him.

Plaintiff claims that after he was handcuffed, Mayfield put his knee on the side of Plaintiff's face, crushing his mouth and skull into the street. Plaintiff felt his back molar crack, cried out in pain, and asked the Officers to stop because he could not breathe. At some point, the Officers got off of Plaintiff and lifted his cuffed hands high, hyperextending

///

///

///

---

[5] There are only minor differences that may be found on page 5 of both the original complaint and the AC—chiefly the use of the word "also" and that Plaintiff was transferred to "Washoe County Jail" as opposed to "Parr Blv." (*Compare* ECF No. 14 at 4–5 *with* ECF No. 54 at 4–5.)

his shoulders, and dragged him to the curb. Plaintiff was later taken to Renown to get face x-rays, and was then taken to Washoe County Jail and booked.

Plaintiff experienced two weeks of severe pain and had to have his molar removed because his tooth had been crushed down to the root. He has developed trauma from the incident and has relatedly been prescribed anti-anxiety medication to help him with severe anxiety.

### 2. Other Claims

Plaintiff next asserts a new state law claim against Soto for "concurrent negligence, failure to train, supervise discipline, deliberate indifference, culpable negligence" ("Claim 2"). (*Id.* at 6–8.) Plaintiff separately asserts the same new claim against the City ("Claim 3")—which largely claims that the City had a duty to train its officers on constitutional requirements and failed to do so which led to the Officers herein violating Plaintiff's constitutional rights. (*Id.* at 9–10.)

### 3. Motion

The Officers filed the Motion on October 3, 2019 (ECF No. 56) and filed a supplementation and accompanying exhibits on October 10, 2019 (ECF No. 59). The Motion, as supplemented, largely relies on the police reports to provide a different version of the relevant facts. (*See id.*; ECF No. 59-1.)

## III. MOTION TO STRIKE (ECF NO. 75)

Under Rule 12(f) a court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. Plaintiff moves to strike certain facts Defendants rely on in the Motion, particularly the supplement (ECF No. 75) and Defendants responded in opposition (ECF No. 78). The Court has considered the parties' arguments and will deny the motion to strike as moot because the Court disposes of the Motion *infra* without relying on the challenged facts, excepting those facts that are judicially noticeable and relevant to the Plaintiff's claim of excessive force.

///

///

4

**IV. MOTION TO DISMISS (ECF NOS. 56, 59)**

**A. Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562

///

(quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

While a court generally cannot consider matters beyond the pleadings on a motion to dismiss, the court may consider documents "'properly submitted as part of the complaint'" and "may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (quotations omitted).

### B. Pleadings Beyond Permitted Amendments

Defendants argue that Claims 2 and 3 in the AC should be dismissed because, in bringing those claims, Plaintiff violated the Court's order permitting amendment. (ECF N0. 56 at 2–3.)[6] The Court agrees. Plaintiff was not allowed to add a new defendant. Thus Claim 2, which is newly asserted against Soto, is dismiss as beyond the bounds of the Court's permitted amendment. Claim 3 is similarly dismissed because Plaintiff was only permitted to amend his negligence claim, as stated against the Officers, in a manner that was responsive to the Court's directive permitting amendment. Plaintiff did not do that. Instead, Plaintiff asserts a completely different claim only against the City—and apparently dropping the Officers from the claim. Although Plaintiff brings this action *pro se*, he must nonetheless act as the Court directs him to. Because Claims 2 and 3 in the AC goes beyond the scope of permitted amendments, the Court will dismiss those claims, without further leave to amend.[7]

///

///

///

---

[6] In this brief, Defendants also raised timeliness arguments (ECF No. 56 at 1–2) which was rendered moot at the time the Court accepted the AC.

[7] There is no leave to amend Claim 2 because it is improperly raised against a new party. In addition to being beyond the scope of amendment, Plaintiff's allegations against the City in Claim 3 suggest that further amendment would likely be futile as to that claim. The allegations supporting Claim 3 fall far short of the required pleading standards. At best, the claim provides muddled recitations of a constitutional violation by the City in training its officers—albeit the title of the claim suggests Plaintiff intends to assert a state law negligence claim—without any identified basis in law and connective facts. The claim thus presents conclusory allegations of a violation in dereliction of the legal standard noted *supra*.

6

### C. Judicial Notice

The Officers rely on the following evidence outside the pleadings to support the Motion, as supplemented: (1) the Officers' police reports (ECF No. 59-1); (2) witness statements (ECF No. 59-2); (3) a guilty plea memoranda and judgment of conviction, showing Plaintiff's conviction for Attempt to Being in Possession of a Firearm, in violation of NRS § 193.330 (ECF No. 59-3); and (4) a Reno Justice Court case summary, showing Plaintiff was convicted of resisting a public officer (ECF No. 59-4; *see also* ECF No. 71 at 14 (providing the signed guilty plea)).

To extrapolate on the legal standard above, Fed. R. Evid. 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Courts "may take judicial notice of undisputed matters of public record," including filings in federal or state courts. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012).

Here, the Officers effectively ask the Court to take judicial notice of materials that are not part of any public record, other than ECF Nos. 59-3 and 59-4—which show Plaintiff's noted convictions. The Court can take judicial notice of Plaintiff's convictions for Attempt to Being in Possession of a Firearm and for resisting a public officer. (ECF Nos. 59-3, 59-4.) However, the other items—the police reports and witness statements—are not considered part of the public record. And, they do not assert *facts* that "can be accurately and readily determine from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201. Said differently, to the extent Defendants relies on evidence beyond the pleadings—particularly on the police report—to dispute Plaintiff's assertions, the Court rejects the Officers' version of the facts. The Court cannot consider the Officers' facts true simply because they are taken from police reports and witness statements. *See, e.g.*, *U.S. v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (citing *Pina v. Henderson,* 752 F.2d 47, 50 (2d Cir. 1985) (holding that the existence and content of a police report are not properly the subject of judicial notice)); *Lee v. City of Los Angeles*,

250 F.3d 668, 689–90 (9th Cir. 2001) (finding that trial court erred in taking judicial notice of disputed facts contained in public records because, while the court could take judicial notice of the existence of the another court's opinion which was not subject to reasonable dispute over its authenticity, judicial notice was improper "for the truth of the facts recited therein"). Instead, the Court must accept the factual allegations in the AC as true in considering dismissal under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 679.

In sum, the Court denies Defendants' request to take judicial notice of the police reports and witness statements attached to their Motion, but will take judicial notice of the documents evidencing Plaintiff's convictions.

### D. Discussion

The Officers assert two arguments in support of dismissal of Plaintiff's excessive force claim—that they did not use excessive force in violation of the Fourth Amendment and that Plaintiff's claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF No. 59.) The Court rejects both arguments.

### 1. Excessive Force

A claim of excessive force during an arrest is analyzed under the Fourth Amendment's objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989). To determine whether the use of force by a law enforcement officer was excessive under the Fourth Amendment, a court must assess whether it was objectively reasonable "in light of the facts and circumstances confronting [the officer], without regard to their underlying intent or motivation." *Id.* at 397. "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion of the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (internal quotation marks omitted). In this analysis, the Court must consider the following factors: (1) the severity of the crime at issue; (2) whether the plaintiff posed an immediate threat to the safety of the officers or others; and (3) whether the plaintiff actively resisted arrest. *Id.*; *see also Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921 (9th Cir.

2001). While these factors act as guidelines, "there are no per se rules in the Fourth Amendment excessive force context." *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (en banc).

The Ninth Circuit has repeatedly recognized that excessive force cases are rarely suited for summary judgment, let alone dismissal under Rule 12(b)(6). "Because [the excessive force inquiry] nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom, [the Ninth Circuit] have held on many occasions that summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly." *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002); *see also Liston v. County of Riverside*, 120 F.3d 965, 976 n.10 (9th Cir. 1997) ("We have held repeatedly that the reasonableness of force used is ordinarily a question of fact for the jury.").

Plaintiff alleges that the Officers engaged in excessive force when they assaulted and injured him in trying to arrest him. Although Plaintiff claims that the Officers' conduct was without reason, Plaintiff's conviction establishes that Plaintiff was resisting arrest. But neither this conviction, the other conviction, nor the AC suggests that Plaintiff had committed an underlying crime to color his resistance. Further, it is not clear from the allegations and judicially noticed documents what level of threat, if any, Plaintiff posed to the Officers and others. Instead, accepting Plaintiff's allegations as true along with the judicially noticed resisting arrest conviction,[8] Plaintiff presented no threat, at minimum, after he was handcuffed. Yet, Plaintiff's assertions suggest that the more severe of his injuries and the force used by the Officers occurred after he was handcuffed. Specifically, Plaintiff states, among other things, that Mayfield put his knee on the side of Plaintiff's face, crushing his mouth and skull into the street. (ECF No. 54 at 4–5.) Plaintiff felt his back molar crack, cried out in pain, and asked the Officers to stop because he could not

///

---

[8]The Court does not consider Plaintiff's conviction for Attempt to Being in Possession of a Firearm immediately relevant to its analysis here.

breathe. (*Id.* at 5.) These allegations state a plausible claim for relief for excessive force and that the Officers' conduct was objectively unreasonable in violation of Plaintiff's Fourth Amendment rights.

### 2. *Heck* Bar

The Officers argue that Plaintiff's excessive force claim is barred under *Heck* because Plaintiff was convicted of the behavior—resisting a public officer—that caused police to use force against him. (ECF No. 59 at 8–9.)[9] The Court disagrees.

In *Heck*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . ..

512 U.S. at 486–87 (footnote omitted). However, "if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* at 487 (footnotes omitted).

Here, the AC does not challenge the conduct that led to Plaintiff's convictions. Plaintiff instead challenges the Officers' alleged use of excessive force beyond what was necessary to detain or arrest Plaintiff and which ultimately injured Plaintiff. Plaintiff's claims, even if successful, will not undermine the validity of the convictions—particularly for resisting arrest—because the fact of his resisting is not incongruous with the assertion of use of excessive force. This is because, based on Plaintiff's assertions, the Officers needlessly applied injurious force even after Plaintiff was in handcuffs (i.e., already

///

---

[9]In briefing Plaintiff challenges his resisting a public officer guilty plea, as reflected at page 14 of ECF No. 71, arguing that he did not initial the guilty plea—while also saying he was coerced to sign it—and did not consent to it. (ECF No. 71 at 1–2.) Plaintiff cannot challenge his conviction by making such arguments here. In any event, Plaintiff's arguments do not change the Court's conclusion *infra* that as to the claims in this action, per the AC, Plaintiff does not seek to undermine his convictions, but only seeks to challenge the use of excessive force against him. The Court encourages Plaintiff to stay on topic.

1 | arrested). The Court thus finds that Plaintiff's remaining excessive force claim is not barred
2 | under *Heck*.

3 | In short, because the Court concludes that Defendants' arguments concerning the
4 | excessive force claim are unpersuasive, the Court will deny the Motion on this claim.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Plaintiff's motion for extension of time (ECF No. 65) is granted *nunc pro tunc*.

It is further ordered that Plaintiff's motion to strike (ECF No. 75) is denied as moot.

It is further ordered that Defendants' motion to dismiss, as supplemented (ECF Nos. 56, 59) is granted in part and denied in part. It is granted as to Claims 2 and 3 asserted in the AC, for the reasons noted herein. It is denied as to Claim 1—Plaintiff's excessive force claim.

It is further ordered that Plaintiff's motion to proceed (ECF No. 81) is denied as moot.

DATED THIS 18th day of February 2020.

                                                                          _____
                                                                          MIRANDA M. DU
                                                                          CHIEF UNITED STATES DISTRICT JUDGE