UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL T. BERRY, | Case No.: 3:18-cv-00558-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | Re:  ECF No. 111 |
| RENO POLICE DEPARTMENT, *et al.*, | |
| Defendants. | |

Before the court is Plaintiff's Motion to Compel Discovery (ECF No. 111).  Defendants responded on October 22, 2020 (ECF No. 114).  No reply memoranda has been received by the court as of the date of this order.

Defendants argue Plaintiff's motion is untimely as the close of discovery was August 31, 2020 (ECF No. 101, Status Conference ruling amending Scheduling Order at Plaintiff's request, ECF No. 90).  Plaintiff's motion to compel was not filed until October 9, 2020, well after the revised scheduling deadline.

///

///

1

Plaintiff's motion bears a date of "September 11, 2020" (ECF No. 111 at 1, 2 & 4); an accompanying declaration is dated "September 12, 2020." (*Id.* at 5.)  As reflected on the court's docket, regardless of the dates appearing on Plaintiff's motion, the court did not receive Plaintiff's motion until October 9, 2020. Although Defendants do not state the date Plaintiff's motion was received, their response was dated and filed on October 22, 2020, within the deadline provided by the Local Rules for responding to a motion filed approximately ten days earlier (LR 7-2). However, even if the September dates on Plaintiff's documents were assumed to be accurate, the motion is still untimely as filed approximately two weeks after the extended discovery deadline.

The docket reflects both parties are proceeding with motions for summary judgment (ECF Nos. 107 and 110).  As untimely as Plaintiff's motion is, it would not be in the furtherance of justice to address a discovery motion at this juncture.

In addition to being denied on procedural grounds, Plaintiff's motion is denied on a substantive basis as well.  Plaintiff did not attach copies of the disputed discovery responses as is required by LR 26-6(b) to proceed on a motion to compel.  According to Plaintiff's motion (and Defendants' response), however, it appears the first disputed subject pertains to Request for Production of Documents "#2 and #3." (ECF No. 111 at 2.)  Plaintiff's argument as to this discovery, the subject of which was not detailed, was seemingly that Defendants are not entitled to a qualified immunity defense and that he has a "right to be secure in his person."  These are legal arguments, not discovery requests.

Plaintiff next at page 3 of his motion makes reference to interrogatory #1 which was an inquiry as to whether Officer Lancaster's body camera was "switched off" prior to his encounter

2

with Plaintiff. Although Plaintiff does not provide Lancaster's response, Defendants' memorandum admits Officer Lancaster's body camera was not turned on "until after the struggle is over." A statement to that effect was apparently captured on Defendant Mayfield's body camera, which was functioning. (ECF No 114 at 3.) Thus, this discovery inquiry has been adequately responded to.

The next interrogatory to which Plaintiff refers was his question #6, which is more of an argument about how Plaintiff would have been able to "spin and thrash with two full grown men on [his] back." This is not a question but rather argument. Defendants' objection to this inquiry was valid. However, Defendants also stated that if Plaintiff had viewed Mayfield's video, he would have observed "Plaintiff spinning around while he is on the ground with two offices trying to gain control of him. Plaintiff is struggling so much that he eventually knock[ed] the body camera office Officer Mayfield." (ECF No. 111 at 3.)

The last interrogatory Plaintiff sets forth is # 8, which asks whether Officer Lancaster was aware that "it was against the law when he had his body camera turned off." (ECF No. 111 at 3.) Defendants stated that this interrogatory "misstates Nevada law and is argumentative and therefore cannot be answered by the Defendants." (ECF No. 114 at 3.) The court does not reach the question whether it was or was not against the law for an officer on the date of Plaintiff's arrest in September 2018 not to be wearing an operative body camera. This will be an issue to be determined on summary judgment or at trial but is not the subject of legitimate discovery.

///

///

3

Plaintiff's motion (ECF No. 111) fails on both procedural and substantive grounds. Accordingly, Plaintiff's Motion to Compel Discovery (ECF No. 111) is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 2, 2020.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE