UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL T. BERRY,

                Plaintiff,

v.

RENO POLICE DEPARTMENT, *et al.*,

                Defendants.

Case No. 3:18-cv-00558-MMD-WGC

ORDER

## I.    SUMMARY

This action arises from *pro se* Plaintiff Michael Berry's arrest following a traffic stop in Reno, Nevada. Berry filed an amended complaint ("Complaint") under 42 U.S.C. § 1983 against Defendants Reno Police Officers Benjamin Lancaster and Steven Mayfield ("Defendants" or "Officers"). (ECF No. 54.)[1] Berry alleges that Defendants violated his Fourth Amendment rights by using excessive force when they detained him following the traffic stop. (*Id.* at 4-5.)

Before the Court are the parties' summary judgment motions.[2] (ECF Nos. 107 ("Defendants' Motion"), 110 ("Berry's Motion").)[3] As further discussed below, because a question of whether force used by law enforcement is excessive is a factual determination, and because Defendants have not offered evidence foreclosing that determination, the Court denies Defendants' Motion.

---

[1]The Court dismissed Claims 2 and 3 as alleged in the Complaint. (ECF No. 86 at 6.) Accordingly, Berry's Fourth Amendment excessive force claim (Claim 1) against Lancaster and Mayfield in the Complaint remains the sole claim in this action. (*Id.* at 8-11.)

[2]The Court denies Berry's Motion as he does not argue for summary judgment but instead argues that this case should proceed to trial. For this reason, this order will address Defendants' Motion.

[3]The Court has additionally reviewed the parties' corresponding responses and replies. (ECF Nos. 112, 113, 115.)

## II.    BACKGROUND[4]

On September 5, 2018, Officer Steven Mayfield pulled Berry over in the area of Lakeside Drive and Audubon Way in Reno, Nevada. (ECF Nos. 107 at 2, 54 at 3.) After Berry was pulled over, Berry began to exit the vehicle but Mayfield "ordered [Berry] to remain in the vehicle and close the door." (ECF No. 107 at 3.) Mayfield approached the car and Berry stated that he did not have a registration, insurance, or a driver's license. (*Id.*) Mayfield proceeded to check if the vehicle was stolen, and a Vehicle Identification Number ("VIN") check returned the name of another individual. (*Id.* at 4.) Berry informed Mayfield that the vehicle title and the bill of sale were in a backpack in the back of the vehicle, and Berry asked if he could retrieve them. (*Id.*) Thereafter, Mayfield ordered Berry out of the car to detain him. (*Id.*)

When detaining Berry, Mayfield twisted Berry's left arm up behind his back. (ECF No. 54 at 4.)[5] Officer Benjamin Lancaster then came forward and the Officers pulled Berry to the ground. (*Id.*) While Berry was face down with the Officers on his back, Lancaster punched Berry's face and body. (*Id.*) Lancaster "screamed" for Berry to give his other hand, which Mayfield had pinned down. (*Id.*) According to Berry, the Officers were feigning that Berry was being uncooperative. (*Id.*) Mayfield put his knee on the side of Berry's face, "crushing [Berry's] mouth and skull into the street." (*Id.* at 4-5.) Berry felt his back left molar crack and demanded to speak to a sergeant, who later arrived and photographed Berry's injuries. (*Id.* at 5.) Berry was transported to Renown Regional Medical Center for treatment and his molar was subsequently removed at Washoe County Jail. (*Id.*) He has also developed severe anxiety due to the confrontation with Defendants. (*Id.*)

Further relevant to this order, Berry has submitted medical records to support his allegation that he suffered facial trauma (ECF No. 117), a molar extraction (ECF No. 137

---

[4]The following facts are undisputed unless noted otherwise.

[5]Because the facts surrounding Berry's interactions with Defendants after Berry was detained are disputed, the Court refers to the allegations in the Complaint in addressing Defendants' Motion. The Complaint does not assert allegations preceding Berry's detention.

(sealed)), and developed severe anxiety (ECF No. 68 (sealed)) because of the confrontation. Defendants assert that Berry was uncooperative and resisted arrest, had his right hand down his pants, screamed that the Officers were beating him up, and "thrashed his head back and forth dragging it across the asphalt." (ECF No. 107 at 5-6.) Mayfield's bodycam was knocked off during the confrontation, and only audio footage was captured during the confrontation. (*Id.* at 5. ECF No. 107-3 (manually filed DVD-R).)

A metal padlock was found, and a firearm was later found in the vehicle upon a search. (ECF No. 107 at 7.) On December 10, 2018, Berry pled guilty to a charge of attempt to being a felon in possession of a firearm. (ECF No. 59-3 at 2.) He was also convicted of resisting an officer. (ECF Nos. 59-4 at 4, 71 at 14 (signed guilty plea)).

## III.  LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the ///

nonmoving party. *See Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986) (citation omitted).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies the requirements of Rule 56 of the Federal Rules of Civil Procedure, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient[.]" *Anderson*, 477 U.S. at 252.

## IV.    DISCUSSION

Defendants make several arguments as to why summary judgment should be granted in their favor.[6] The Court disagrees and will address in turn Defendants' arguments that (1) they did not violate Berry's Fourth Amendment rights, (2) they have qualified immunity, and (3) Berry cannot show the causation of his injuries.

### A.    Fourth Amendment Violation

Defendants argue that they did not violate Berry's Fourth Amendment rights as their use of force is "objectively reasonable" under the test set forth in *Graham v. Connor*, 490 U.S. 386, 388 (1989). (ECF No. 107 at 11-12.) Berry counters that "no matter what [Defendants] 'thought[,]' they had no right to injure [him] and violate his

---

[6]The Court notes that Defendants renew their argument that Berry's excessive force claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Berry pled guilty to resisting an officer. (ECF No. 107 at 10.) The Court previously found this argument unpersuasive "because the fact of [Berry] resisting is not incongruous with the assertion of the use of excessive force." (ECF No. 86 at 10-11.) The same is true here and as such, further discussion is unwarranted.

4

constitutional right to be secure in his person." (ECF No. 112 at 7.) The Court finds Defendants' argument unpersuasive.

A claim of excessive force during an arrest is analyzed under the Fourth Amendment's objective reasonableness standard. *See Graham*, 490 U.S. at 388. To determine whether the use of force by a law enforcement officer was excessive, a court must assess whether it was objectively reasonable "in light of the facts and circumstances confronting [the officer], without regard to their underlying intent or motivation." *Id.* at 397. "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion of the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (internal quotation marks omitted). In this analysis, the Court must consider the following factors: (1) the severity of the crime at issue; (2) whether the plaintiff posed an immediate threat to the safety of the officers or others; and (3) whether the plaintiff actively resisted arrest. *Id.*; *see also Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921 (9th Cir. 2001). While these factors act as guidelines, "there are no per se rules in the Fourth Amendment excessive force context." *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (en banc).

Here, Berry was pulled over for a traffic stop and ultimately pled guilty to attempt to being a felon in possession of a firearm and resisting arrest. However, when Berry was detained, Defendants had no knowledge of the existence of the firearm or the metal padlock until after a search was conducted. The Court finds that Mayfield could have inferred the vehicle was stolen based on the VIN check results prior to detaining Berry. But that inference alone is not enough—and Defendants have not put forward facts—to sufficiently show Berry posed an "immediate threat" to Defendants or others. *See Graham*, 490 U.S. at 396. *See also S.B. v. Cty. of San Diego*, 864 F.3d 1010, 1013 (9th Cir. 2017) (stating that whether the suspect posed an immediate threat is the "most important" factor).

///

Moreover, the crime of attempt to being a felon in possession of a firearm—while still a crime—is a status-offense that does not pose the type of immediate threat about which the Fourth Amendment's protections are concerned. Although Berry affirms resisting arrest via his plea, the Court finds that the *Graham* factors do not weigh in Defendants' favor. Due to the nature and lower severity of Berry's underlying crime combined with the indiscernible immediate threat Berry posed to Defendants or others, the Court is not persuaded by Defendants' assertion that their use of force is "easily found to be objectively reasonable." (ECF No. 107 at 12.) Viewing the evidence in the light most favorable to Berry and drawing all reasonable inferences in his favor, a rational trier of fact could find that the use of force here was objectively unreasonable. Accordingly, Defendants are denied summary judgment with respect to the argument that Defendants did not violate Berry's Fourth Amendment rights.

## B.    Qualified Immunity

Defendants argue that as police officers they are entitled to qualified immunity. (*Id.* at 13-14.) Berry disputes this, noting that "police officers take an oath to uphold the constitution" which includes a person's Fourth Amendment rights to be secure in his person. (ECF No. 112 at 10.) The Court finds that material factual disputes preclude a finding that Defendants are entitled to qualified immunity.

Qualified immunity claims require the Court to consider a two-part test. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223, 236 (2009). First, whether the facts "[t]aken in the light most favorable to the party asserting the injury . . . show the officer's conduct violated a constitutional right[.]" *Id.* Second, the court must determine "whether the right was clearly established." *Id.* In defining the allegedly violated right, a court must use a narrower definition than the constitutional provision guaranteeing the right, but a broader definition than the surrounding factual circumstances. *See Watkins v. City of Oakland*, 145 F.3d 1087, 1092-93 (9th Cir. 1998). "The contours of the right must be sufficiently clear that a reasonable official would understand that what [the official] is doing violates

that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Whether the defendant violated a constitutional right and whether the right was clearly established at the time of the violation are pure legal questions for the court. *See Serrano v. Francis*, 345 F.3d 1071, 1080 (9th Cir. 2003).

However, "[i]f a genuine issue of material fact exists that prevents a determination of qualified immunity at summary judgment, the case must proceed to trial." *Id.* at 1077; *see also Martinez v. Stanford*, 323 F.3d 1178, 1183-85 (9th Cir. 2003) (holding that the district court erred by granting summary judgment where there were genuine issues of material fact regarding the reasonableness inquiry of the second *Saucier* prong).

Here, Berry alleges that Defendants' conduct—use of excessive force—in detaining him violated his Fourth Amendment rights. As a result, Berry required medical attention, sustained injuries to his face and molar, and developed severe anxiety. As police officers, Defendants are classified as law enforcement; at the time Mayfield pulled Berry over, "[t]he law is settled that in Fourth Amendment terms a traffic stop entails a seizure of the driver." *Villanueva v. Cal.*, 986 F.3d 1158, 1166 (9th Cir. 2021) (quoting *Brendlin v. Cal.*, 551 U.S. 249, 255 (2007). As such, the Fourth Amendment permits police officers to use "objectively reasonable" force, *see S.B.*, 864 F.3d at 1013, but not objectively *unreasonable* force. *See Lowry v. City of San Diego*, 818 F.3d 840, 847 (9th Cir. 2016) ("Objectively unreasonable uses of force violate the Fourth Amendment's guarantee against unreasonable seizures." (citing *Graham*, 490 U.S. at 394-95)). Given the visual limitations of Mayfield's bodycam footage, the competing narratives between the parties, and evidence in the record that Berry sustained injuries from the confrontation, there remains a dispute of fact as to whether Defendants' use of force was objectively reasonable. Because a genuine issue of material fact exists, the Court finds that Defendants are not entitled to qualified immunity. *See Serrano*, 345 F.3d at 1077.

## C. Causation

Defendants argue that Berry has not offered adequate evidence to differentiate injuries from his own wrongdoing versus injuries from Defendants' use of force, thus

7

"making this case unprovable to a jury on a basis of causation and damages." (ECF No. 107 at 14.) Berry counters by pointing out that the suit currently turns on competing factual accounts of the incident. (ECF No. 112 at 17.) The Court agrees with Berry.

The Ninth Circuit Court of Appeals has seldom deemed excessive force cases suitable for summary judgment. *See Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002). "Because [the excessive force inquiry] nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom, [the Ninth Circuit has] held on many occasions that summary judgment . . . in excessive force cases should be granted sparingly." *Id.; see also Liston v. Cnty. of Riverside*, 120 F.3d 965, 976 n.10 (9th Cir. 1997) ("We have held repeatedly that the reasonableness of force used is ordinarily a question of fact for the jury.").

Here, Berry provides a differing account of the confrontation as well as medical records that attest to his allegation that he suffered facial trauma, a molar extraction, and developed severe anxiety because of Defendants' use of excessive force. (ECF Nos. 68 (sealed), 117, 137 (sealed).) Whether the injuries were derived from Berry's or Defendants' conduct remains unclear, but this is a question that requires a jury to sift through disputed factual contentions. When construing the facts and drawing reasonable inferences in favor of Berry, a jury could reasonably find that Defendants' use of force was excessive and therefore unreasonable. Thus, Defendants' assertion that the case is "unprovable to a jury on a basis of causation" is merely conclusory.

Moreover, both parties claim that the footage from Mayfield's bodycam is the best evidence to prove their argument. (ECF Nos. 140 at 3, 107 at 10.) However, Mayfield's bodycam was knocked off and only audio footage was captured.[7] The Court, having reviewed the footage (ECF No. 107-3 (manually filed DVD-R)), finds that the footage does not foreclose the causation inquiry as to Berry's injuries.

---

[7]Defendants cite to various moments during the audio footage where Berry was told to stop moving and resisting. (ECF No. 107 at 6.) However, Berry is also heard in the footage as stating that an officer's knee was on Berry's head. (*Id.*) The audio footage is limiting as evidence and does not conclusively support Defendants' argument, especially considering Berry's allegation that Defendants were feigning that Berry was being uncooperative.

**V. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendants' motion for summary judgment (ECF No. 107) is denied.

It is further ordered that Plaintiff Michael Berry's motion for summary judgment (ECF No. 110) is denied.

DATED THIS 15th Day of July 2021.


_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE